## Case No. 12,630.

### SEELEY v. KOOX.

[2 Woods, 368.] [1]

Circuit Court, S. D. Georgia. April Term, 1874.

PENAL ACTION—VOTING—DECLARATION — ACTING IN JUDICIAL CAPACITY.

1. In an action on the case to recover the forfeit provided for in section 4 of the act of May 31, 1870 (16 Stat. 141), the declaration must aver that the plaintiff was prevented from voting, by force, bribery, threats, intimidation, or other such unlawful means.

2. A declaration which alleges that the unlawful means by which the plaintiff was prevented from voting was the erroneous decision of the defendant, who was an officer of the election, upon a question of law, without averring that the decision was willfully or maliciously wrong, is insufficient.

[This was an action by Isaac Seeley against Julius Koox.] Heard on general demurrer to the declaration.

Isaac Seeley, in pro. per.

Julian Hartridge and W. S. Chisholm, for defendant.

Before WOODS, Circuit Judge, and ERSKINE, District Judge.

WOODS, Circuit Judge. Section 4 of the act of congress, approved May 31, 1870, entitled "An act to enforce the right of citizens of the United States to vote in the several states of this Union," and for other purposes (16 Stat. 141), declares: "That if any person,

---

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

by force, bribery, threats, intimidation, or other unlawful means, shall hinder, delay, prevent or obstruct any citizen from doing any act required to be done to qualify him to vote, or from voting at any election as aforesaid, such person shall, for every such offense, forfeit and pay the sum of five hundred dollars to the person aggrieved thereby, to be recovered by an action on the case, with full costs and such allowance for counsel fees as the court shall deem just; and shall also, for every such offense, be guilty of a misdemeanor; and shall on conviction thereof be fined not less than five hundred dollars, or be imprisoned not less than one month and not more than one year, or both, at the discretion of the court." The constitution of the state of Georgia (article 2, § 2; Code 1873, p. 908) provides that a person to be an elector "shall," among other things, "have resided in this state six months next preceding the election, and shall have resided thirty days in the county in which he offers to vote, and shall have paid all taxes which may have been required of him and which he may have had an opportunity of paying agreeably to law for the year next preceding the election." Section 1283 of the Code of Georgia of 1873 prescribes the following oath to be taken and subscribed by superintendents of elections in the state: "All and each of us do swear that we will faithfully superintend this day's election; * * * that we will make a just and true return thereof, and not knowingly permit any one to vote unless we believe he is entitled to do so according to the laws of this state, nor knowingly prohibit any one from voting who is so entitled by law," etc.

On the 2d day of October, 1872, the plaintiff, claiming to be an elector under the laws of the state of Georgia, offered to vote at an election held on that day in the city of Savannah for governor and members of the general assembly. The defendant was a superintendent at the poll where plaintiff offered to vote, and refused to receive his ballot. The plaintiff thereupon brought this suit, the same being an action on the case to recover the forfeit of five hundred dollars provided for in section 4 of the act of congress above quoted. The charge in the declaration is that the defendant "did by unlawful means prevent the plaintiff from voting at said election, the said unlawful means then and there being the holding and deciding that the plaintiff must show that he had paid all legal taxes for the year 1871, the said year not being the year next preceding said election, which the plaintiff admits he had not paid. but avers he had paid all legal taxes for the year 1872 in the manner prescribed by law." A second count alleges that the defendant did unlawfully hinder and prevent the plaintiff from voting at said election, by refusing his vote, for the reason that the plaintiff had not paid his taxes for the year 1871, when in fact the plaintiff was a legal voter without the payment of any tax whatever.

It will strike the most careless reader of sec-

tion 4 of the act of congress, above quoted, that the same state of facts that would authorize a recovery in this case would also authorize a conviction of the defendant for a misdemeanor with a penalty of fine or imprisonment, or both, at the discretion of the court. We must therefore construe this section with the same strictness that we would any other penal statute. The question then arises, would the facts stated in the declaration authorize a conviction in a criminal prosecution under this section? The offense described in the section is the preventing of any qualified elector from voting, "by force, bribery, threats, intimidation, or other unlawful means." It is clear that the words "other unlawful means" refer to something akin to force, bribery, threats or intimidation. Lord Bacon observed "that as exception strengthens the force of a law in cases not excepted, so enumeration weakens it in cases not enumerated." Hence, the celebrated rule that "where particular words are followed by general ones, as if after an enumeration of several classes of persons or things, there is added 'and all others'; the general words are restricted in meaning to objects of the like kind with those specified." 1 Bish. Cr. Law, § 275, and cases there cited. The "unlawful means" charged as having been used by the defendant are not of a like kind with those specified, to-wit: "Force, bribery, threats or intimidation." The defendant was acting under oath as a public officer in a quasi judicial capacity, and it is charged against him that while so acting he did not construe correctly an obscure clause in the constitution of Georgia. It is not alleged that he decided against the right of plaintiff to vote, knowing that plaintiff had that right or that his decision was willfully wrong. malicious or corrupt. Giving the most liberal construction to the averment of the declaration, it only amounts to this, that the defendant fell into error in passing upon the plaintiff's right to vote; that he construed that clause of the constitution which declares that "the elector must have paid all taxes which may have been required of him, etc., for the year next preceding the election," to mean the year which ended on the 31st of December before the election, and not the year current, when the election was held. Can it be possible that congress meant to impose a forfeit of $500, to be recovered in a civil action, and a fine not less than $500 or imprisonment not less than one month nor more than one year, or both, to be inflicted by a criminal prosecution upon an officer, acting under oath, who had made an innocent mistake in judgment? The proposition is too absurd to be entertained.

The declaration then utterly fails to make out a case for recovery. The elector who is prevented from voting cannot recover, unless he shows that he was prevented either by force, bribery, threats, intimidation or other such unlawful means. If it had been averred that the defendant willfully and maliciously or corruptly decided against the plaintiff's right to

vote, well knowing he had such right, and thereby prevented him from voting, it is possible the declaration might be sustained. Without some such averment it presents no cause of action against the defendant.

Demurrer sustained, and leave given plaintiff to amend.

NOTE. Public officers, acting in a judicial capacity or in matters requiring the exercise of judgment and discretion, are not liable for damages resulting from their mistakes. Harman v. Tappenden, 1 East. 555; Jenkins v. Waldron, 11 Johns. 120; Wilson v. City of New York, 1 Denio. 599; Weaver v. Devendorf, 3 Denio, 117; Griffith v. Follett, 20 Barb. 621; Mills v. City of Brooklyn, 32 N. Y. 489; Kendall v. Stokes, 3 How. [44 U. S.] 87.